IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OWEN PUCKETT,

    Movant,

vs.                                             No. CR 07-00766 WJ
                                                  No. CV 17-00117 WJ/WPL

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Motion to Correct Sentence filed by Movant Owen Puckett on January 23, 2017 (CR Doc. 691). Puckett's Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the Tenth Circuit Court of Appeals. The Court will dismiss the Motion to Correct Sentence for lack of jurisdiction.

Puckett was indicted under an original and two superseding indictments. (CR Doc. 1, 23, 193). Puckett entered into a Plea Agreement on August 15, 2008. In the Plea Agreement, Puckett agreed to a specific term of incarceration under Fed. R. Crim. P. 11(c)(1)(C) of 240 months. Puckett also agreed to waive any collateral attack pursuant to 28 U.S.C. § 2255 except on the issue of ineffective assistance of counsel. (CR Doc. 320). The Court then sentenced Puckett to the agreed term of imprisonment of 240 months. (CR Doc. 501, 502).

Puckett filed his first Motion under 28 U.S.C. § 2255 on May 31, 2016. (CR Doc. 672). In his Motion Puckett sought relief under 28 U.S.C. § 2255 on the grounds that his sentence was invalidly imposed under the Armed Career Criminal Act ("ACCA"), based on the U.S. Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). (CR Doc.

672).  On June 6, 2016, the Court entered its Memorandum Opinion and Order concluding that Puckett is not eligible for relief under *Johnson.*  (CR Doc. 673).

Puckett timely appealed from the Court's Memorandum Opinion and Order on June 29, 2016.  (CR Doc. 676).  The Tenth Circuit dismissed the appeal for lack of prosecution on November 7, 2016. (CR Doc. 686). Puckett again challenged the Court's June 6, 2016 Memorandum Opinion and Order by filing a Notice of Writ of Mandamus on December 22, 2016.  (CR Doc. 689).  The Court denied his request for a Writ of Mandamus on December 28, 2016.  (CR Doc. 690).

Puckett filed his current Motion to Correct Sentence on January 23, 2017.  (CR Doc. 691).  Puckett again contends that the Court's ruling on his *Johnson* claim was incorrect and also seeks to add a new theory that he should be relieved of his sentence based on ineffective assistance of counsel in entering into the plea agreement.  (CR Doc. 691 at 4). Puckett titles his motion as a "Motion to Correct Sentence" but does not cite to 28 U.S.C. § 2255.  The exclusive remedy for testing the validity of a judgment and sentence, however, is the remedy provided for in 28 U.S.C. § 2255. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).  Because Puckett's Motion to Correct Sentence seeks to challenge the validity of his sentence, the Court will construe his Motion as a successive 2255 motion.  *See, e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain:  (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the

Supreme Court.  28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Puckett has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A).  This Court lacks jurisdiction to consider his motion absent the requisite authorization.

When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631.  *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).  Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. In order to proceed on a second or successive § 2255 motion, Puckett would need to present grounds for relief based on either newly discovered evidence or a new rule of constitutional law.  28 U.S.C. § 2255(h).  Puckett presents neither but, instead, seeks to argue ineffective assistance grounds that were available to him at the time he filed his first § 2255 motion. *See United States v. Williams,* 480 Fed. App'x 503, 504-05 (10th Cir. 2012).  Further, to the extent Puckett contends the Court's June 6, 2016 ruling was incorrect, Puckett chose not to prosecute his appeal from that ruling and cannot now seek to challenge it through another collateral proceeding. *See, e.g., Gibson v. Fleming,* 28 Fed. App'x 911, 913 (10th Cir. 2001).

The Court also determines, *sua sponte* under 28 U.S.C. § 2253(c) and rule 11(a) of the Rules Governing Section 2255 Cases, that Puckett has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS ORDERED** that Movant Owen Puckett's Motion to Correct Sentence (CR Doc. 691) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE